IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| VF DEVELOPMENT, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | CIVIL NO. 2009-138 |
| CHEYENNE HEAVY EQUIPMENT | ) | |
| RENTALS, LLC and KEVIN GREAVES, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER

On November 18, 2010, the Court ordered that dispositive motions, if any, were to be filed on or before December 15, 2010, and that any responses were due by December 24, 2010. On December 13, 2010, plaintiff moved for an extension of time to December 24, 2010 to file its dispositve motion. On December 20, 2010, the Court granted plaintiff's motion, and extended defendants' response date to January 3, 2011.

On December 23, 2010, plaintiff filed its Motion for Summary Judgment. On January 7, 2011, four days after the extended date on which a response was due, defendants filed a motion for an extension of time to January 10, 2011 to file their response. The Court denied defendants' motion the date it was filed.

On January 11, 2011, a day after the date defendants had requested as their amended due date, defendants moved for reconsideration of the denial of defendants' motion for an extension of time.

Local Rule Civil Procedure 7.3 provides that a motion for reconsideration must be based on one or more of the following reasons: "(1) [an] intervening change in the controlling law; (2)

*VF Development, LLC v. Cheyenne Heavy Equipment Rental, LLC, et al.*
Civil No. 2009-138
Order
Page of 2 of 2

availability of new evidence; or, (3) the need to correct clear error or manifest injustice." L.RCi 7.3. Defendants did not assert any basis under Local Rule 7.3 to support the motion for reconsideration, but merely claimed that counsel and defendant Kevin Greaves were "off island" for the Christmas holiday, and that "a short extension was required in order to obtain an affidavit from Kevin Greaves on behalf of Defendants."

Because of the limited time between January 10, 2011, defendants' proposed response date, and January 24, 2011, the trial date, it was the Court's opinion that an additional extension of three days would severely limit the amount of time before trial that the Court had to consider the dispositive motion. Further, the Court notes that by the time defendants' filed their motion, they had already taken a *de facto* four-day extension.

The Court reminds counsel that deadlines are not chosen randomly, but are chosen to give the parties adequate time to conduct discovery and to otherwise prepare for trial. The Court also reminds counsel that deadlines are not suggestions, but are meant to be adhered to absent a showing of good cause. Here, a seven-day extension because counsel was off island for the holidays or because counsel failed to obtain a necessary affidavit does not constitute good cause. As defendants have proffered no basis to support their motion, it is hereby

ORDERED that defendants' motion for reconsideration is DENIED.

S\ _____
**RUTH MILLER**
United States Magistrate Judge