```
                DISTRICT COURT OF THE VIRGIN ISLANDS
                 DIVISION OF ST. THOMAS AND ST. JOHN

VF DEVELOPMENT,                        )
                                       )
          Plaintiff,                   )
                                       )
     v.                                )    Civil No. 2009-138
                                       )
KEVIN GREAVES and CHEYENNE HEAVY       )
EQUIPMENT RENTAL, INC.                 )
                                       )
          Defendants.                  )
```

ATTORNEYS:

**Nancy D'Anna, Esq.**
St. John, U.S.V.I.
  *For the plaintiff,*

**Francis E. Jackson, Jr., Esq.**
St. Thomas, U.S.V.I.
  *For the defendants.*

## MEMORANDUM OPINION

**GÓMEZ, C.J.**

Before the Court is the motion of the Plaintiff, VF Development, LLC ("VF"), for entry of judgment against Defendants Cheyenne Heavy Equipment Rental, LLC ("Cheyenne") and Kevin Greaves ("Greaves") (collectively, the "Defendants"). The Defendants have not opposed VF's motion.

## I. FACTS

VF and the Defendants entered into a written settlement agreement in this action on January 18, 2011. The agreement provided that the Defendants would pay $430,000 in exchange for VF settling all its claims. The agreement was personally signed

by Femion Mezzini, as sole member of VF, and by Kevin Greaves, individually and as sole member of Cheyenne. VF offers the signed agreement in support of its motion.

The agreement has two parts. First, the Defendants agree to "execute a consent judgment in the amount of Four Hundred and Ninety Thousand Dollars ($490,000) in favor of [VF]." This judgment will "be secured by UCC liens against all equipment owned by Defendants and a mortgage against any and all real property owned by Defendants." Pl.'s Ex. 2, ECF No. 65-2, ¶ 1. The Defendants will "provide [VF] with a complete list of all equipment owned by either Defendant" as well as "all real property owned and shall execute any and all documents necessary to secure this judgment . . . ." Pl.'s Ex. 2, ECF No. 65-2, ¶ 2(E). VF specifically identified a "1993 Mack Dump truck," which Defendants promised would be "transferred into the name of Cheyenne Heavy Equipment or Kevin Greaves within ten days," for the purposes of placing a UCC lien on it. *Id.* If placing a UCC lien against any equipment would be a breach of a loan agreement, Defendants were required to "identify that equipment and the lender in a statement made under oath and under penalty of perjury." *Id.* If the defendants do not own any real property, "they shall provide [VF] with a statement made under oath and under penalty of perjury attesting to [that fact]." *Id.*

*VF Development v. Greaves, et al.*
Civil No. 2009-138
Memorandum Opinion
Page 3

Second, execution of the judgment would be stayed provided the Defendants satisfied two conditions. First, Defendants agreed to pay $5,000 on January 19, 2011 and $5,000 "on or before the Twenty fifth [*sic*] (25th) day of each and every month thereafter . . . until the entire sum of Four Hundred and Thirty Thousand Dollars ($430,000.00) without interest is paid." Pl.'s Ex. 2, ECF No. 65-2, ¶ 2(A). Second, the Defendants agreed to pay "the sum of Seventy Thousand Dollars ($70,000) . . . on or before July 25, 2011," which would be "credited towards the Four Hundred and Thirty Thousand Dollars . . . ." Pl.'s Ex. 2, ECF No. 65-2, ¶ 2(B).

If the defendants failed to make any of these payments "within Fifteen (15) days of the appointed date," VF "shall provide written notice to [defendants' counsel]." Pl.'s Ex. 2, ECF No. 65-2, ¶ 2(C). If after notice is given "default is not cured within Fifteen (15) days, [VF] then, [*sic*] may immediately execute on the full amount of remaining balance [due on] the judgment in the amount of Four Hundred and Ninety Thousand ($490,000) . . . ." *Id.* VF would also be entitled to "interest in the amount of Five (5) Percent per annum . . . on the remaining balance as if forgiveness of interest was not made." *Id.*

*VF Development v. Greaves, et al.*
Civil No. 2009-138
Memorandum Opinion
Page 4

If the defendants did pay $430,000 in accordance with the agreement, VF agreed to "provide Defendants with a satisfaction of judgment and release of all UCC liens and mortgages within ten (10) days of the date of the final payment." Pl.'s Ex. 2, ECF No. 65-2, ¶ 2(D).

The Defendants made an initial payment of $5,000 on January 19, 2011. VF states that it prepared the proposed consent judgment and a stipulation of dismissal, and forwarded them to the Defendants on January 20, 2011. However, VF asserts, the Defendants have not signed the consent judgment or stipulation; have not made any more monthly payments; and have failed to provide VF with a list of their equipment.

In support of these assertions, VF offers in addition to the settlement agreement the declaration of counsel, Nancy D'Anna ("D'Anna"). D'Anna states that all parties entered the settlement agreement and were represented by counsel; that VF executed the proposed consent judgment and stipulation; and the Defendants have taken no action in furtherance of the settlement since that time. VF also offers an email sent by D'Anna to counsel for the Defendants in an effort to obtain the list of equipment, as well as the proposed consent judgment and stipulation prepared by VF.

## II. DISCUSSION

In the Third Circuit, "[a]n agreement to settle a law suit, voluntarily entered into, is binding upon the parties, whether or not made in the presence of the court, and even in the absence of a writing." *Green v. John H. Lewis & Co.*, 436 F.2d 389, 390 (3d Cir. 1970); *see also Beazer East, Inc. v. Mead Corp.*, 412 F.3d 429, 436 (3d Cir. 2005). "Settlement agreements are encouraged as a matter of public policy because they promote the amicable resolution of disputes and lighten the increasing load of litigation faced by courts." *D.R. by M.R. v. East Brunswick Bd. of Educ.*, 109 F.3d 896, 901 (3d Cir. 1997). In the Virgin Islands, counsel may enter into a settlement agreement on his client's behalf when he has actual or apparent authority to do so. *See Edwards v. Born, Inc.*, 792 F.2d 387, 389-90 (3d Cir. 1986).

The construction and enforcement of settlement agreements are governed by principles of local law applicable to contracts generally. *See, e.g., Vargo v. Mangus*, 94 Fed. Appx. 941, 943 (3d Cir. 2004); *New York State Electric & Gas Corp. v. Federal Energy Regulatory Commission*, 875 F.2d 43, 45 (3d Cir. 1989); *Christian v. All Persons Claiming any Right, Title or Interest in Newfound Bay*, 139 F. Supp. 2d 679, 685 (D.V.I. 2001). The local law generally applicable to contracts in the Virgin

Case: 3:09-cv-00138-CVG -RM   Document #: 67   Filed: 09/27/11   Page 6 of 12

VF Development v. Greaves, et al.
Civil No. 2009-138
Memorandum Opinion
Page 6

Islands is the Restatement (Second) of Contracts. *Ventura v. Pearson*, Civ. No. 60-1980, 1980 V.I. LEXIS 88, at *111 n.2 (Terr. Ct. July 31, 1980) (citing 1 V.I.C. § 4).

The essential prerequisites for the creation of a valid contract is "a bargain in which there is a manifestation of mutual assent to the exchange and a consideration." *Univ. of the V.I. v. Petersen-Springer*, 232 F. Supp. 2d 462, 469 (D.V.I. App. Div. 2002); Restatement (Second) of Contracts § 17 (1981). "Consideration" requires a performance or a return promise that has been bargained for. Restatement (Second) of Contracts § 17. Where there is no mutual assent, or no meeting of the minds, there is no contract. *James v. Fitzpatrick*, Civ. No. 885-1989, 1990 V.I. LEXIS 22, at *4 (Terr. Ct. Oct. 30, 1990).

### III. ANALYSIS

#### A. The Settlement Agreement

VF argues that a valid settlement was entered into because there was mutual assent, as memorialized by the signed agreement, and that there was valid consideration.

"The parties objective manifestations control in deciding whether they formed a contract by mutual assent." *HSM Constr. Servs., Inc. v. MDC Sys., Inc.*, 239 Fed. App'x 748, 751 (3d Cir. 2007). Manifestations of assent may be made through either words or conduct. *See* RESTATEMENT (SECOND) OF CONTRACTS § 18, 19 (1979).

Signing an agreement is commonly understood to be a manifestation of assent. *Compare HSM Const. Servs.*, 239 Fed. App'x at 751 ("[Plaintiff's] outward words and acts indicate that it is a party to the Agreement. First, the signature page of [the plaintiff's] Proposal [to settle] and the [defendant's letter proposing additional terms] were signed by . . . the General Counsel of [the Plaintiff]."), *with Bruce Lincoln-Mercury, Inc. v. Universal C.I.T. Credit Corp.*, 325 F.2d 2, 18 (3d Cir. 1963) ("[T]here is a place for the authorized signature of appellee on the [contract]. No signature, indicating acceptance of the terms . . . appears thereon."). The beginning or tender of performance may also operate as a manifestation of assent. RESTATEMENT (SECOND) OF CONTRACTS § 18 cmt. b.

Here, the written agreement detailed all the terms of the settlement. Included in the terms was the Defendants' proposal to pay a certain sum to VF in exchange for VF's promise to settle all claims in this matter against the Defendants. The parties both personally signed the settlement agreement below the words "ACCEPTED AND AGREED." The parties' signatures and the partial performance of the Defendant evidences the parties' meeting of the minds and mutual assent to those terms. *See, e.g., Tracy v. Kimberly-Clark Cop.*, 74 Fed. App'x 44, 47 (Fed. Cir. 2003) ("A meeting of the minds between the parties occurs

where there has been assent to all the essential terms and conditions."); *MIF Realty L.P. v. Rochester Assocs.*, 92 F.3d 752, 756 (8th Cir. 1996) ("To be enforceable, a settlement agreement must be based upon a meeting of the minds on the essential terms of the agreement.") (citation and quotation omitted).

Moreover, the written terms of the agreement established that it was supported by consideration on both sides. *See, e.g.*, *Channel Home Ctrs., Div. of Grace Retail Corp. v. Grossman*, 795 F.2d 291, 299 (3d Cir. 1986) (noting that "of course, there must be consideration on both sides . . . for enforceability of a[] [settlement] agreement") (applying Pennsylvania law); *Shernoff v. Hewlett-Packard Co.*, Civ. No. 04-4390, 2006 U.S. Dist. LEXIS 87518 at *7, 2006 WL 3497798 (D.N.J. Dec. 4, 2006) ("Plaintiff and Defendant agreed to the essential terms of the settlement, namely, that Plaintiff would forego her claims against Defendant and surrender her options to purchase HP stock in return for a payment of $37,500."). The Defendants promised to pay $430,000 in monthly installments or $490,000 plus interest if they failed to abide by the installment plan. In exchange, VF promised to dismiss their claims, enter into a consent judgment, and provide the Defendants with a satisfaction of judgment upon payment.

*VF Development v. Greaves, et al.*
Civil No. 2009-138
Memorandum Opinion
Page 9

  In *Nicholas v. Wyndham Int'l, Inc.*, Civil No. 2001-147 (CVG), 2007 U.S. Dist. LEXIS 91829, 2007 WL 4811566 (D.V.I. Nov. 20, 2007), this Court entered judgment on a settlement agreement where the parties had recited the essential terms of it before the Court. *Id.* at *5. After the recitation, the defendants refused to sign the settlement agreement. *Id.* at *1. This Court held that the recitations of the parties were binding and covered all essential terms. *Id.* at 3-4. Accordingly, this Court entered a judgment approving the settlement agreement. *Id.* at 5. Here, the Defendants have signed the settlement agreement, and now only refuse to sign the consent judgment proposed by the agreement. Because the written settlement agreement covers all the terms of the agreement, it is a binding contract on the parties and may be approved by this Court.

  Based on the settlement agreement, the Court finds that the parties agreed to the following essential terms:

1. The Defendants agreed to submit a consent judgment in the amount of $490,000.

2. The Defendants agreed to pay VF $430,000 in monthly installments of $5,000.

3. If the Defendants failed to timely make the monthly payments, VF would be entitled to collect the full

      $490,000 plus interest on whatever balance was remaining at five percent per annum.

4. The settlement would be secured by UCC liens on the Defendants' equipment and mortgages on the Defendants' real property. The Defendants would submit a list of all their equipment and real property for this purpose.

5. VF agreed to settle all claims against the Defendants.

## B. Pre-judgment Interest

The parties have not addressed whether an award of pre-judgment interest is appropriate in this matter. However, "the court has discretion to award prejudgment interest to avoid injustice." *Nicholas v. Wyndham Int'l, Inc.*, Civil No. 2001-147 (CVG), 2007 U.S. Dist. LEXIS 91829, 2007 WL 4811566 (D.V.I. Nov. 20, 2007) (citing RESTATEMENT (SECOND) OF TORTS § 913(1)(b) (1979)). In the Virgin Islands, an award of prejudgment interest is permitted on "all monies which have become due." V.I. CODE ANN. tit. 11, § 951(a)(1). Award is authorized only where the amount due is in money and therefore easily ascertainable. *Antilles Ins. v. James*, Civ. App. No. 1992-27, 1994 U.S. Dist. LEXIS 9623, at *48, 1994 WL 371405, at *48 (D.V.I. July 6, 1994).

The amount due in this matter is easily ascertainable from the settlement agreement, which obligates the Defendants to pay VF $430,000 in monthly installments beginning on January 19,

*VF Development v. Greaves, et al.*
Civil No. 2009-138
Memorandum Opinion
Page 11

2011. *See, e.g.*, *Antilles Ins. v. James*, Civ. App. No. 1992-27, 1994 U.S. Dist. LEXIS 9623, at *9-10, 1994 WL 371405, at *9-10 (D.V.I. July 6, 1994); *cf. Remole v. Sullivan*, Civ. No. 554-1980, 1984 V.I. LEXIS 9, at *9-10 (Terr. Ct. June 7, 1984).

    However, the equities in this case do not weigh strongly in favor of awarding pre-judgment interest. *See Booker v. Taylor Milk Co.*, 64 F.3d 860, 868 (3d Cir. 1995) ("To fulfill this make whole purpose, prejudgment interest should be given in response to considerations of fairness and denied when its exaction would be inequitable.") (internal citation and quotation omitted); *Davis-Richards v. Gov't of the V.I.*, Civ. no. 388-1990, 1996 V.I. LEXIS 1, at *12, 1996 WL 96052 at *12 (Terr. Ct. Fed. 12, 1996) ("[W]here justice requires it, and the equities weigh[] heavily in Plaintiff's favor, the court could exercise its discretion and award pre-judgment interest to Plaintiff."). The alleged breach of contract took place less than two years ago. The parties agreed to the terms of the settlement agreement less than a year ago. VF has received $5,000.

    Accordingly, the Court will not award VF pre-judgment interest. After the date of judgment, interest will accrue at the statutory rate until the date of payment.

*VF Development v. Greaves, et al.*
Civil No. 2009-138
Memorandum Opinion
Page 12

## IV. CONCLUSION

VF has demonstrated the existence of a valid agreement to settle covering all essential terms.

An appropriate judgment approving the settlement follows.

                                    S_____
                                       **CURTIS V. GÓMEZ**
                                        **Chief Judge**